UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff, | : : : : | CRIMINAL CASE NO.<br>3:08-CR-00004-JCH-2 |
| v. | : : | |
| ROSHAUN HOGGARD,<br>  Defendant. | : : : | APRIL 24, 2015 |

**RULING RE: MOTION FOR RECONSIDERATION (DOC. NO. 1388)**

On December 29, 2014, the defendant, Roshaun Hoggard ("Hoggard"), filed a pro se Motion to Appoint Counsel re: Reduction of Sentence (Doc. No. 1369). On February 5, 2015, the court entered an Order denying Hoggard's Motion, based on its determination that he is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Order (Doc. No. 1376). On March 9, 2015, Hoggard filed a Motion for Reconsideration /for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) ("Mot. for Reconsid.") (Doc. No. 1388).

The standard for granting a motion for reconsideration is strict,[1] and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). A court should not grant a motion for reconsideration where the moving party seeks only to relitigate an issue already decided. See id. In

---

[1] Local Rule of Criminal Procedure 1(c) states that motions for reconsideration filed in criminal cases are subject to the Local Rule of Civil Procedure governing motions for reconsideration. D. Conn. L. Cr R. 1(c).

1

general, granting a motion for reconsideration is only justified if there is an intervening change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice.   See Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).   That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider.   Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

      Hoggard first argues that his motion for reconsideration should be granted to give him an opportunity to set forth his arguments in favor of reduction, in light of the fact that the court had previously treated his motion to appoint counsel as a motion for reduction.   Mot. for Reconsid. at 3.   Second, he argues that the court erred in concluding that he was ineligible for a sentence reduction under 18 U.S.C. § 3482(c)(2) ("Amendment 782").   He argues that he meets all the requirements of Amendment 782, is not a career offender, and that the amendment has the effect of lowering his sentence.   Id. at 4.

      At Hoggard's original sentencing, the court determined that his guideline range was 360-life.   The court then departed based on the disparity between crack and powder cocaine and granted a sentence of 288 months.   Applying Amendment 782, Hoggard's applicable guideline range remains 360-life, the same range that was found

at his initial sentencing.[2]  As such, the court correctly found that he was ineligible for a sentence reduction.  The court is not authorized to grant a sentence reduction if the amendment does not have the effect of lowering the defendant's applicable guideline range.  See U.S.S.G. § 1B1.10(a)(2)(B).  Further, the court notes that it may not reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range.  See U.S.S.G. § 1B1.10(b)(2)(A).  Hoggard's current sentence of 288 months is still lower than his guideline range after the application of Amendment 782, namely 360 months – life.

Because Hoggard did not previously submit a substantive motion for reduction, his Motion for Reconsideration is **GRANTED**.  However, after reconsideration, including consideration of the arguments raised by Hoggard in his Motion, the court **AFFIRMS** its Order (Doc. No. 1376) denying Hoggard's Motion (Doc. No. 1369).

**SO ORDERED.**

Dated this 24th day of April, 2015, at New Haven, Connecticut.

　　　　　　　　　　　　　　　　　　　　  /s/ Janet C. Hall  
　　　　　　　　　　　　　　　　　　　　Janet C. Hall  
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2]  In determining the amended guideline range, the court must look to "the guideline range that corresponds to the offense level and criminal history category determined . . . <u>before consideration of any departure provision in the Guidelines Manual or any variance</u>."  U.S.S.G. § 1B1.10 comment n.1 (emphasis added).